UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DANNY HILL-BEY, )
)
      Petitioner, )
)
    vs. ) No. 1:16-cv-00487-TWP-MJD
)
LAURIE JOHNSON, )
)
      Respondent. )

**Entry Denying Motion for Acquittal, Denying Petition for Writ of Habeas Corpus, and Directing Entry of Final Judgment**

The petition of Danny Hill-Bey ("Hill-Bey") for a writ of habeas corpus challenges a prison disciplinary proceeding, REF 15-11-0002, in which he was found guilty of asserting and/or filing a false lien or judgment. For the reasons explained in this entry, Hill-Bey's habeas petition must be **denied.**

### I. Overview

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On October 30, 2015, Investigator Mavis Grady wrote a Report of Conduct that charged Hill-Bey with offenses A111/122, Attempting to Assert and/or File a False Lien or Judgment. The Conduct Report states:

> On October 30, 2015 at approximately 10:26 am Resident Danny Hill 246814 admitted to me that the Notice of Lien as well as other UCC documents associated with those of Sovereign Citizens were his. The possession of such documents are prohibited including the filing thereof.

Dkt. 13-1.

The Conduct Report was based on the Report of Investigation of Incident, which states:

> On Wednesday, October 28, 2015 at approximately 8:35 a.m. I was notified by Program Director, Shannon Bowling that she had printed off questionable documents in the Law Library printer belonging to a resident using the Law Library. Ms. Bowling believed the documents to be a contract of some form. The forms printed off the Law Library printer were UCC Financing Statements, Information Request, Schedule A, Indemnity Bond, Notice of Lien, and the UCC Financial Statements for Resident Danny Hill #246814 and one other resident. Such forms are prohibited and are known to be associated [with] Sovereign Citizens. Sovereign Citizens are recognized in IDOC as a Security Threat Group.
>
> On Friday, October 29, 2015 I interviewed Resident Hill. Hill reviewed the documents and stated to me that these documents were being prepared for him by another resident. Hill acknowledge[d] to me that the forms were his. Hill admitted the documents including the Notice of Lien were for his business and that he was going to file these documents once he's released from IDOC.

Dkt. 13-2.

The Federal Bureau of Investigation has classified Sovereign Citizens as domestic terror threats because they are anti-government extremists. Dkt. 13-11, ¶ 4. Sovereign Citizens often are prisoners. *Id*. The Indiana Department of Correction ("IDOC") considers Sovereign Citizens to be a security threat group. *Id.* A typical activity of Sovereign Citizens is filing false lien notices, a tactic known as "paper terrorism." *Id*., ¶ 5. These notices are sometimes intended to

defraud the government. *Id.* Asserting and/or Filing a False Lien or Judgment is Class A Offense 122 in the IDOC Disciplinary Code for Adult Offenders. *Id*., ¶ 6. An offender does not have to be a Sovereign Citizens member to be sanctioned for filing or attempting to file a false lien *Id*.

The documents found in the library are attached as exhibits to the Respondents Return on the Order to Show Cause. (*See* Dkt. 13.) The documents place a lien on the "strawman" Hill-Bey believes was created by the government under the name "DANNY HILL." Dkt. 13-3, dkt. 13-11, ¶ 8. The UCC Financial Statement shows that Hill-Bey believes a fixed value has been assigned to his social security number and birth certificate. *Id*. This particular document is used to prepare to access the fictional funds associated with this "account." *Id*.

Schedule A in Exhibit C is a contract with Rufus Hunter, Jr., another offender at Plainfield Correctional Facility. Dkt. 13-3, dkt. 13-11, ¶ 9. The contract gives Mr. Hunter sole authority over the body of "DANNY HILL" and establishes a fine of $100 million a day for anyone confining or restraining "DANNY HILL." *Id*. Documents like those in docket 13-3 have been used by individuals as a way to file a fraudulent law suit against the state government for the confinement of persons such as "DANNY HILL." Dkt. 13-11, ¶ 10. Another purpose is to fraudulently obtain funds or seek the release of offenders. *Id*.

On November 2, 2015, Hill-Bey was notified of the charge of Asserting and/or Filing a False Lien or Judgment when he was served with the Conduct Report and the Notice of Disciplinary Hearing (Screening Report). Dkt. 13-1, dkt. 13-4. Hill-Bey was notified of his rights and pleaded not guilty. Dkt. 13-4. He requested that offender Jorge Lopez-Chavez be his lay advocate, and Mr. Lopez-Chavez agreed to be the lay advocate. Dkt. 13-4, dkt. 13-5. Hill-Bey requested offender Daniel Cushing as a witness, who was expected to state that "Hill was trying

to obtain his LLC License." Dkt. 13-4. As physical evidence Hill-Bey requested the Black's Law business book and the UCC book in the facility's library. *Id.*

Offender Cushing provided a written statement that said "Mr. Hill did ask me how to obtain a LLC or be incorporated in a bussiness [sic]. I told him to be incorporated or obtain a LLC he had to have a bussiness [sic] License and a TX number." Dkt. 13-6.

The hearing officer conducted a disciplinary hearing in REF 15-11-0002 on November 6, 2015. Dkt. 13-7. Hill-Bey's comment was:

> I don't have anything to do with Sovereign. My religion does not allow it. I've never been affiliated. The documents were being done for me. I was not aware of it. Resident Cushing looked over it and said it was good for LLC. There were supposed to be certain things in contracts for LLC license. Would like for you to review recording.

Dkt. 13-7.

The "recording" refers to video interviews of offenders Hill-Bey and Hunter. Hill-Bey did not request the video as physical evidence, but it was reviewed by the hearing officer. Dkt. 21, dkt. 13-4. The hearing officer found Hill-Bey guilty of Asserting and/or Filing a False Lien. Dkt. 13-7. In particular, the hearing officer stated: "Offender admits in Interview the documents are his. The documents are a clear attempt to file a lien" *Id.* The hearing officer considered staff reports, Hill-Bey's statement, and copies of the documents in deciding the case. *Id.* The hearing officer recommended and approved the following sanctions: a written reprimand, earned credit time deprivation of 180 days (suspended), and a demotion from Credit Class 1 to Credit Class 2. *Id.* The hearing officer imposed the sanctions because of the seriousness of the offense, Hill-Bey's attitude and demeanor during the hearing, and the likelihood of the sanction having a corrective effect on his future behavior. *Id.*

Hill-Bey's appeals were denied. This habeas action followed.

## III. Analysis

Hill-Bey argues that his due process rights were violated during the disciplinary proceeding. His claims are that: 1) there was no evidence of documents being found on his person, in his private correspondence or computer files, and no evidence that anyone was injured by the filing of false liens; 2) no security threats were reported at the facility and there was no evidence that Sovereign Citizens were present; 3) his lay advocate was not presented until 10 minutes before the hearing; and 4) he could not prepare a proper defense because he did not receive a statement of facts from the Facility Head until two months after the hearing; and 5) he was denied a fair trial because the hearing officer prejudged his case. Dkt. 1, pp. 3-4.

Hill-Bey's first claim challenges the sufficiency of the evidence. He argues that the documents were not found on his person and there was no evidence that he ever actually filed the documents. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016). The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."); *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("In reviewing a decision for 'some evidence,' courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.") (internal quotation omitted). "[T]he relevant

question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

The interview with the Internal Affairs Investigator, dkt. 25, makes clear that the documents at issue belonged to Hill-Bey. Another inmate, Mr. Hunter, was allegedly "correcting the contract," but the UCC documents admittedly belonged to Hill-Bey. He admitted that he intended to file the Notice of Lien with the UCC. He was not charged with actually filing the documents. Rather, the charge was for asserting or possessing the documents, A111-122. *See* Dkt. 13-1, dkt. 13-2. The forms themselves are prohibited in the IDOC. *Id.* The hearing officer's decision that the documents reflect Hill-Bey's clear intent to file a lien is supported by sufficient evidence, consisting of the Conduct Report, the Investigative Report, and the documents themselves.

Hill-Bey's second claim is that no security threats were reported at the facility and there was no evidence that Sovereign Citizens were present. He denies being a Sovereign Citizen. This, too, is a challenge to the sufficiency of the evidence. As such, this claim fails because Hill-Bey was not charged with being a Sovereign Citizen. He was charged with attempting to file a false lien or judgment. Hill-Bey admitted that the documents were his and were being "corrected" on his behalf and that he intended to file them.

Hill-Bey's next claim is that he was denied due process when he was not able to meet with his lay advocate until ten minutes before the hearing. This claim fails because due process does not require that prisons appoint a lay advocate for a disciplinary hearing unless "'an illiterate inmate is involved ... or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case.'" *Wilson-El v. Finnan*, 263 F. App'x 503, 506 (7th Cir. 2008) (*quoting Wolff*, 418

U.S. at 570)). Hill-Bey "had no constitutional right to the assistance of any lay advocate, much less the lay advocate of his choice." *Doan v. Buss,* 82 Fed.Appx. 168, 172 (7th Cir. 2003) (citing *Miller v. Duckworth,* 963 F.2d 1002, 1004) (7th Cir. 1992)). Hill-Bey has made no showing that he is illiterate or the charge was particularly complex. Moreover, he was not denied access to a lay advocate and there is no due process requirement regarding how much time an offender should have with his lay advocate, if any, before the hearing.

Hill-Bey's next claim is that he could not prepare a defense because he did not receive the Facility Head's denial of his appeal until two months after his hearing. This claim is difficult to understand because any defense would have been prepared before the hearing itself. Moreover, to the extent Hill-Bey is alleging that a IDOC policy was violated, this claim is not cognizable in a federal habeas action. *See Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review."); *Keller v. Donahue,* 2008 WL 822255, 271 Fed.Appx. 531, 532 (7th Cir. Mar. 27, 2008) (an inmate "has no cognizable claim arising from the prison's application of its regulations."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief).

Hill-Bey's final claim is that the hearing officer prejudged his case. Inmates are entitled to an impartial decision-maker. Hill-Bey, however, has alleged no facts that would render the hearing office partial or biased. Simply alleging bias is not sufficient to support a due process violation. A prison official who is "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof," may not adjudicate those charges. *Piggie v. Cotton,* 342 F.3d 660, 667 (7th Cir. 2003). "Adjudicators are entitled to a presumption of honesty and integrity." *Id.* at 666. "[T]he constitutional standard for

impermissible bias is high." *Id*. Absent any allegations of the hearing officer's involvement in the underlying events, this claim is meritless.

Hill-Bey was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Hill-Bey's due process rights.

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings.

Hill-Bey's motion for acquittal, dkt. [34], is **denied.** His petition for a writ of habeas corpus is also **denied** and the action is dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 6/15/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

DANNY HILL-BEY
246814
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only